UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASPER FRAZIER,<br><br>        Plaintiff,<br><br>v.<br><br>VICTORIA L. KUHN, ESQ., *et al.*,<br><br>        Defendants. | **Civil Action No. 2:21-cv-16842-BRM-CLW**<br><br>**OPINION AND ORDER** |

This matter is before the Court on the motion of *pro se* plaintiff Jasper Frazier ("Plaintiff") for the appointment of pro bono counsel, ECF No. 67, which has been referred to the undersigned by the Honorable Brian R. Martinotti. For the reasons stated below, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff filed this action in September 2021 and shortly thereafter brought his first motion for pro bono counsel; that motion was denied without prejudice. ECF No. 7, 9. In April 2022, Plaintiff submitted a proposed amended complaint (ECF No. 52-1), which Judge Martinotti screened per 28 U.S.C. §§ 1915(e)(2) and 1915A. Judge Martinotti dismissed certain of Plaintiff's claims and allowed two claims to proceed[1]: a First Amendment legal mail claim, in which Plaintiff argues his mail has been opened, read, stolen, or withheld; and an Eighth Amendment cruel and unusual punishment claim alleging certain defendants provided inmates with information that Plaintiff was a "snitch" and killed woman and children. ECF No. 59 at 6, 10, ECF No. 60. Shortly after the issuance of Judge Martinotti's order, Plaintiff filed the instant motion.

---

[1] Judge Martinotti permitted these claims to proceed against some, but not all, of the defendants against whom they were asserted. *See* ECF No. 59 at 9-13, ECF No. 60.

It is settled that there is no constitutional right to counsel in a civil action. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, the Court may request — though not require — an attorney to represent a civil litigant. *Id.* (citing 28 U.S.C. § 1915(e)(1)). Although the Court has broad discretion to determine whether the appointment of counsel in a civil matter is appropriate, the Court "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* at 499 (citing *Parham*, 126 F.3d at 458).

To determine whether to appoint counsel for an indigent litigant in a civil case, the Court first must make a threshold assessment of the merits of the case to determine whether there is "some arguable merit in fact and law." *Id.* at 498-99 (quoting *Parham*, 126 F.3d at 457; citing *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)); *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (same). If some such merit is found, the Court should then consider: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Tabron*, 6 F.3d at 156-57 and n.5. Courts will only appoint pro bono counsel where most of these factors are met. *Krider v. Heron*, 2007 U.S. Dist. LEXIS 57432, at *3 (D.N.J. Aug. 3, 2007) (citing *Parham*, 126 F.3d at 461).

Concerning the threshold issue, the Court finds Plaintiff has presented "some arguable merit in fact and law." Judge Martinotti screened Plaintiff's proposed amended complaint under a Rule 12(b)(6) standard, and while some portions were dismissed, the above-referenced First and Eighth Amendment claims were permitted to proceed.

Moving, then, to the *Tabron* factors, much of Plaintiff's application is premised upon allegations similar to those raised in his underlying complaint, such as prison paralegals overcharging him for copies, problems with the law library, and confiscation of his mail. Plaintiff also notes that he is new to the Third Circuit and that he needs help further amending his complaint. ECF No. 67 at 5-6. He does not, however, present any specific evidence indicating that he is incompetent, illiterate, or insufficiently educated to state his claims, and his numerous filings in this case suggest that he is sufficiently literate and competent. Moreover, Plaintiff's lack of legal training is common to *pro se* litigants and insufficient to warrant appointment of counsel. *Krider*, 2007 U.S. Dist. LEXIS 57432, at *5. Nor does "limited access to the law library . . . warrant the appointment of counsel". *Clinton v. Jersey City Police Dep't*, 2009 U.S. Dist. LEXIS 64464, at *5 n.4 (D.N.J. July 23, 2009).

The remaining factors do not compel a different conclusion. The relevant areas of the law are not uniquely complex, nor does Plaintiff suggest (or the Court find) impediments to discovery that would foreclose investigation into Plaintiff's allegations. *See Krider*, 2007 U.S. Dist. LEXIS 57432, at *6 (where fact discovery involves obtaining information from interrogatories and documents, such as prison and medical records, plaintiff may engage in discovery without counsel). Plaintiff's application does not reference credibility determinations or the need for expert testimony, and at this stage of proceedings the Court cannot draw any inferences as to such matters. Finally, while the fact that Plaintiff qualified for IFP status, ECF No. 41, indicates that he cannot afford representation, this factor alone does not justify appointment of *pro bono* counsel. *See, e.g.*, *Christy v. Robinson*, 216 F. Supp. 2d 398, 410-11 (D.N.J. 2002) (denying application where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel").

At this time, the relevant factors do not weigh in favor of appointment of counsel. Accordingly, Plaintiff's application for appointment of pro bono counsel (ECF No. 67) is **DENIED WITHOUT PREJUDICE**. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff via certified mail, return receipt requested.

Dated: August 5th, 2022

                                                  */s/ Cathy L. Waldor*
                                                  Cathy L. Waldor, U.S.M.J.