<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JASPER FRAZIER, | : : : | Civil Action No. 21-16842 (BRM) (CLW) |
| Plaintiff, | : : |  |
| v. | : : | **OPINION** |
| VICTORIA L. KUHN, ESQ., et al., | : : |  |
| Defendants. | : : |  |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an unopposed Motion to Dismiss filed by Defendant Commissioner Robert E. Carter ("Defendant") seeking to dismiss Jasper Frazier's ("Plaintiff") claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 104.) Having reviewed Defendant's submission filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

In May 2022, Plaintiff filed the relevant Complaint, bringing claims pursuant to 42 U.S.C. § 1983, against multiple defendants. (*See* No. 22-2781, ECF No. 1.) After granting Plaintiff's application to proceed *in forma pauperis*, the Court screened Plaintiff's Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* No. 22-2781, ECF No. 9.) The Court summarized Plaintiff's claims as follows:

> The gravamen of Plaintiff's Complaint is that Defendants transferred Plaintiff from Indiana to the New Jersey State Prison system and the New Jersey prisons have denied Plaintiff free

> exercise of his sincerely held religious beliefs. (*See generally*, [No. 22-2781] ECF No. 1.) Plaintiff alleges [he] has been denied the right to order religious artifact, denied access to a religious advisor Grand Sheik, and denied the right to hold Moorish Science Temple of America ("MTSA") religious services. (*See id.*)

(No. 22-2781, ECF No. 9 at 2.) Plaintiff's Complaint raised claims against multiple Indiana Department of Corrections ("IDOC") Defendants (1) Interstate Compact Joel Gruber, (2) Chief Counsel Bob Buglar, (3) Attorney General Margo Tucker, (4) Geo Group Classification Glenda Cecil, (5) Geo Group Unit Team Manager Shane Nelson, (6) Geo Group Case Manager Jama Jones, (7) Attorney Jessica Wegg, and (8) Attorney Charles Little. (*See* No. 22-2781, ECF No. 1 at 1-2.)

The Court dismissed Plaintiff's claims against the IDOC Defendants for various reasons, but, relevant here, the Court found:

> Plaintiff fails to submit well pleaded facts to show these Defendants had personal involvement in the New Jersey prison system's practice of denying Plaintiff an opportunity to pursue his faith.
>
> . . .
>
> Similarly, Plaintiff's [Freedom of Religion under the Religious Land Use and Institutionalized Person Act ("RLUIPA")] claim against Indiana Defendants Gruber, Bugler, Tucker, Cecil, Nelson, Jones, Wegg, and Little is dismissed without prejudice. A plaintiff may assert an RLUIPA claim in a judicial proceeding and "obtain appropriate relief against a government." *See* 42 U.S.C. § 2000cc-2. For the reasons explained above, Plaintiff fails to submit facts to show these Defendants are imposing a substantial burden on his religious exercise, nor does the Complaint plead facts that show they could provide Plaintiff with the appropriate injunctive relief. Therefore, Plaintiff's RLUIPA claim for injunctive relief against Indiana Defendants Gruber, Bugler, Tucker, Cecil, Nelson, Jones, Wegg, and Little are dismissed without prejudice.

(No. 22-2781, ECF No. 9 at 5.) Therefore, the only claim proceeded against Moving Defendant Carter is Plaintiff's RLUIPA for injunctive relief. (*Id.* at 2.)

Following the Court's screening Opinion proceeding Plaintiff's RLUIPA claim against Defendant Carter for injunctive relief in No. 22-2781, that matter was consolidated into the Plaintiff's instant pending Section 1983 civil rights matter. (*See* No, 22-2781, ECF No. 35.) On January 19, 2023, Defendant Carter filed his Motion to Dismiss (ECF No. 104) and a Motion to Correct Error (ECF No. 103). Defendant argues for the dismissal of Plaintiff's RLUIPA claim for injunctive relief, as Defendant is unable to provide any form of relief to Plaintiff. (ECF No. 104-1 at 9-10.)

## II.  LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations. *Bell Atlantic v. Twombley*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a "probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief.'" *Id.* at 679. (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must alleged sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DECISION

Defendant Carter moves for dismissal of Plaintiff's RLUIPA claim for injunctive relief against him. Defendant Carter submits that although the Court indicated in its screening Opinion that he was the Commissioner of the New Jersey Department of Corrections, Defendant Carter is the Commissioner of the Indiana Department of Corrections. (ECF No. 104-1 at 9-10.)

An inmates transfer to another facility moots his claim for injunctive relief. *See Bracey v. Pennsylvania Dep't of Corr.*, 456 F. App'x 76, 77 (3d Cir. 2012) (citing *Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir.1993); *see also Banks v. Sec'y Pennsylvania Dep't of Corr.*, 601 F. App'x 101, 103 (3d Cir. 2015) (prisoner no longer presents a live case or controversy for injunctive relief

under RLUIPA after a transfer because an injunction where he is no longer imprisoned would not provide him meaningful relief); *Marshall v. Pa. Dep't of Corr.*, 499 F. App'x 131, 134 (3d Cir. 2012) (Because Marshall "asked for an injunction that restrains SCI-Mahanoy officials from violating his civil rights, but he has now been transferred out from under their control[,] . . . the District Court was unable to fashion any form of meaningful relief against these defendants, and thus the motion for injunctive relief was moot.").

As explained by the Court, the gravamen of Plaintiff's Complaint is that New Jersey Department of Corrections Defendants have denied Plaintiff free exercise of his religious beliefs. (*See* No. 22-2781, ECF No. 9 at 2, citing ECF No. 1.) The only claim that was proceeded against moving Defendant Carter, was Plaintiff's RLUIPA claim for injunctive relief. As Defendant Carter is not a New Jersey Defendant and has no ability to affect the actions of the New Jersey Department of Corrections, he is unable to provide the injunctive relief sought by Plaintiff. As such, Plaintiff's RLUIPA claim against Defendant Carter for injunctive relief is dismissed as moot.[1]

### IV. CONCLUSION

For the reasons set forth above, Defendant Carter's Motion to Dismiss is **GRANTED**. (ECF No. 104.) Plaintiff's claims against Defendant Carter are **DISMISSED**. Defendant Carter's Motion to Correct is dismissed as moot. (ECF No. 103.)

An appropriate order follows.

Dated: April 3, 2023

                                              */s/ Brian R. Martinotti*
                                              HON. BRIAN R. MARTINOTTI
                                              UNITED STATES DISTRICT JUDGE

---

[1] Defendant Carter is dismissed from this action. Therefore, his Motion to Correct (ECF No. 103) is also dismissed as moot.