<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

JASPER FRAZIER,

        Plaintiff,

    v.

VICTORIA L. KUHN, *et al.*,

        Defendants.

Case No. 2:22-cv-07555 (BRM) (LDW)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court is *pro se* Plaintiff Jasper Frazier's ("Plaintiff") civil rights Complaint (ECF No. 1), filed pursuant to 42 U.S.C. § 1983. Based on his Affidavit of Indigence (ECF No. 1-1), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint shall **PROCEED IN PART**.

    **I.**    **BACKGROUND**

    Plaintiff is currently confined at East Jersey State Prison ("EJSP") in Rahway, New Jersey. He brings this civil rights action, pursuant to 42 U.S.C. § 1983, against EJSP Defendants: (1) Administrator Patrick Nogan, (2) Assistant J. Crothers, (3) JPay Liaison Karyn Parker Foreman, (4) Officer Rodguriez, (5) Officer Sobman, (6) Officer Kibart, (7) Officer Ponte, (8) Officer Narob,

and (9) Sergeant "1741" ("Defendants"). (*See* ECF No. 1.)[1] The Court discusses only Plaintiff's claims regarding incidents that took place after April 2022 at EJSP and the EJSP Defendants for that relevant time period.[2]

Plaintiff submits that on or about November 1, 2022, Defendants initiated a campaign of harassment with inmate gang members reading his emails. (*Id.* ¶ 50.) On November 14, 2022, Officers Rodguriez and Sobman performed a pat down of Frazier and found a black marker on him. (*Id.* ¶¶ 52–53.) Officers Rodguriez, Sobman, and Kibart took Plaintiff to a "room off camera" where they performed a strip search of him. (*Id.* ¶¶ 54–55.) Plaintiff alleges these officers performed a strip search because they were informed Plaintiff was filing complaints. (*Id.* ¶ 56.)

On November 19, 2022, Sergeant "1741" instructed officers to again take Plaintiff to a room off camera and perform a "second retaliatory strip search." (*Id.*) Sergeant "1741" instructed Plaintiff that he would "strip search him anytime he want[ed] and Plaintiff better stay in his place." (*Id.* at 26.)

On December 7, 2022, Sergeant Williams and Officer Ponte laughed at Plaintiff and Officer Ponte threatened Plaintiff stating, "You better be glad I am not over there on the other side of this gate." (*Id.* ¶¶ 61–63.) On the same day, Frazier filed a grievance against Sergeant Williams

---

[1] Although Plaintiff only lists defendants Nogan, Crothers, and Parker Foreman in the lists of defendants, the Court construes the Complaint as also raising claims against these additional EJSP defendants.

[2] The Court takes judicial notice pursuant to Federal Rule of Evidence 201(b)(2), that on September 16, 2021, Plaintiff filed a Complaint in Civil Action No. 21-16842. (*See* 21-16842, ECF No. 1.) On December 21, 2022, Plaintiff filed this Complaint pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) Upon review of this Complaint (ECF No. 1), the Court finds that many of Plaintiff's allegations are identical to and seek relief from the same Defendants as Plaintiff's Complaint in No. 21-16842. (*Compare* ECF No. 1 ¶ 27–49 *with* No. 21-16842, ECF No. 52-1 ¶¶ 83–201.) Accordingly, the Court will address only the allegations from this Complaint that are not duplicative. Any allegations that are duplicative of those raised in No. 21-16842 (i.e., ECF No. 1 ¶¶ 27-49) are dismissed.

and Officer Ponte for threatening him. (*Id.* ¶ 64.) Plaintiff emailed his family and asked they contact "Trenton Central Office." (*Id.* ¶ 65) Inmates and confidential informants notified Sergeant Williams and Officer Ponte regarding Plaintiff's email. (*Id.* ¶ 66.)

On December 9, 2022, Plaintiff filed a grievance against Officers Sobman and Ponte for making derogatory comments towards Plaintiff. (*Id.* ¶ 70.) Inmates breached Plaintiff's emails and informed Officers Sobman and Ponte about Plaintiff's grievance. (*Id.* ¶ 71.) On December 14, 2022, Defendants sent Officer Narob to perform a retaliatory search of Plaintiff's cell. (*Id.* ¶ 72.)

## II.  LEGAL STANDARD

### A.  Standard for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d

203, 210 (3d Cir. 2009) (citation omitted). Furthermore, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

#### A. First Amendment Retaliation

The Court construes the Complaint as raising a First Amendment Retaliation claim against defendants Rodguriez, Sobman, Kibart, Sergeant "1741," Ponte, and Narob. (ECF No. 1 ¶ 22.) Plaintiff alleges that defendants Rodguriez, Sobman, Kibart, and Sergeant "1741" performed strip searches of Plaintiff in retaliation for him filing civil complaints. (*Id.* ¶¶ 55–57.) Plaintiff alleges

4

these defendants were informed of his complaints when inmates were permitted to read Plaintiff's JPay emails. (*Id.* ¶ 56.) The Complaint alleges defendants Sobman and Ponte were informed that Plaintiff filed a grievance against them and instructed defendant Narob to perform a search of Plaintiff's cell in retaliation. (*Id.* ¶¶ 71–72.)

To establish a First Amendment retaliation claim, a plaintiff "must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016).

Plaintiff alleges sufficient facts suggesting his constitutionally protected conduct was a substantial factor for Defendants' actions. Once a plaintiff has provided facts showing protected conduct and an adverse action, he must provide facts showing a causal link between the two. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Where a causal link cannot be shown with direct evidence, a plaintiff may try to satisfy that burden by demonstrating "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Watson*, 834 F.3d at 422. Plaintiff claims Defendants performed strip searches of Plaintiff and a search of his cell after inmates informed them that Plaintiff was filing complaints and grievances. While Plaintiff's allegations are somewhat sparse, they may constitute retaliation for the protected activity of filing civil complaints and grievances. At this early screening stage, Plaintiff's retaliation claim against Defendants Rodguriez, Sobman, Kibart, Sergeant "1741," Ponte, and Narob shall proceed.

  **B.**  **Supervisory Liability Claim**

The Complaint names defendants Nogan and Crothers as defendants but fails to allege any facts against them in the statement of claims. (*See* ECF No. 1 ¶¶ 50–75.) At most, the Court

5

construes Plaintiff's Complaint to assert a claim for supervisory liability against defendants Nogan and Crothers.

A plaintiff may establish supervisory liability under § 1983 by showing:

> (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation and (2) personal liability based on the supervisor participating in the violation of the [p]laintiff's rights, directing others to violate the [p]laintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct.

*Doe v. N.J. Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Only those defendants whose inactions or actions personally caused [plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

> [T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In the Complaint, Plaintiff does not identify a specific policy or practice that created an unreasonable risk of a constitutional injury. Plaintiff makes a vague accusation that there was a known policy of retaliation for anyone who filed a complaint. (ECF No. 1 ¶ 22.) However, the

Complaint is devoid of facts to support that accusation. Additionally, Plaintiff fails to allege defendants Nogan or Crothers participated in or instructed others to perform the alleged strip searches or cell search. Nor does Plaintiff allege any facts that would show defendants Nogan and Crothers had knowledge of the searches. Therefore, Plaintiff has failed to state a claim under § 1983 for supervisory liability. Accordingly, Plaintiff's claims against defendants Nogan and Crothers are dismissed without prejudice.

### C. Group Pleading

The Complaint fails to raise any allegations against defendants Nogan, Crothers, and Parker Foreman in the statement of claims. In the list of Defendants, Plaintiff alleges defendants Nogan, Crothers, and Parker Foreman allow "inmates, gang members, child molesters, rapist [sic] and [confidential informants] [to] read Plaintiff['s] [and] family emails without consent" and have these individuals report back to administration or officers. (*Id.*)

This group pleading is prohibited. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297 at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012) (dismissing a § 1983 action was appropriate where defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual defendants)). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751 at *3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11. The Complaint submits the same claim against all three defendants without alleging facts to

7

show personal involvement. These vague and conclusory allegations that defendants Nogan, Crothers, and Parker Foreman provided "inmates" with access to Plaintiff's emails does not plead facts sufficient to state a claim against each Defendant. Therefore, Plaintiff's claims against defendants Nogan, Crothers, and Parker Foreman are dismissed without prejudice.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's IFP application (ECF No. 1-1) is **GRANTED** and Plaintiff's First Amendment retaliation claims against Defendants Rodguriez, Sobman, Kibart, Sergeant "1741," Ponte, and Narob shall **PROCEED**. Plaintiff's claims against Defendants Nogan, Crothers, and Parker Foreman are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff's remaining claims and defendants are **DISMISSED WITH PREJUDICE** as duplicative to those claims raised in Civil Action No. 21-16842.[3] Any proceeding claims shall be **CONSOLIDATED** with Civil Action No. 21-16842. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: June 15, 2023

---

[3] The Court notes that on May 31 and June 12, 2023, Plaintiff filed letters to the Court which appears to complain of ongoing issues he is experiencing at East Jersey State Prison and complaining that he has not received a status update. (ECF Nos. 6–8.) Plaintiff's letters raise issues addressed above or issues not contained in his Complaint. Plaintiff may not amend his Complaint in a piecemeal fashion, as is does not comply with Fed. R. Civ. P. 15. Additionally, to the extent Plaintiff "moves" for a status report, that motion is moot in light of this opinion.