# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASPER FRAZIER, | : |
| Plaintiff, | : Civil Action No. 21-16842 (BRM) (CLW) |
| v. | : **MEMORANDUM AND ORDER** |
| VICTORIA L. KUHN, ESQ., et al., | : |
| Defendants. | : |

Before this Court is *pro se* Plaintiff's Jasper Fraizer's unopposed "Motion to Add Defendant Robert Carter back on the docket and Motion to Inform" (ECF No. 138), which the Court construes as a Motion for Reconsideration of the Court's grant of Defendant Carter's Motion to Dismiss and dismissal of the claims against him (ECF Nos. 124 and 125).

In May 2022, Plaintiff filed the relevant Complaint, bringing claims pursuant to 42 U.S.C. § 1983, against multiple defendants. (*See* No. 22-2781, ECF No. 1.) After granting Plaintiff's application to proceed *in forma pauperis*, the Court screened Plaintiff's Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* No. 22-2781, ECF No. 9.)

The Court summarized Plaintiff's claims as follows:

> The gravamen of Plaintiff's Complaint is that Defendants transferred Plaintiff from Indiana to the New Jersey State Prison system and the New Jersey prisons have denied Plaintiff free exercise of his sincerely held religious beliefs. (*See generally*, [No. 22-2781] ECF No. 1.) Plaintiff alleges [he] has been denied the right to order religious artifact, denied access to a religious advisor Grand Sheik, and denied the right to hold Moorish Science Temple of America ("MTSA") religious services. (*See id.*)

(No. 22-2781, ECF No. 9 at 2.) Plaintiff's Complaint raised claims against multiple Indiana Department of Corrections ("IDOC") Defendants (1) Interstate Compact Joel Gruber, (2) Chief

Counsel Bob Buglar, (3) Attorney General Margo Tucker, (4) Geo Group Classification Glenda Cecil, (5) Geo Group Unit Team Manager Shane Nelson, (6) Geo Group Case Manager Jama Jones, (7) Attorney Jessica Wegg, and (8) Attorney Charles Little. (*See* No. 22-2781, ECF No. 1 at 1-2.)

The Court dismissed Plaintiff's claims against the IDOC Defendants for various reasons, and relevant here proceeded Plaintiff's Religious Land Use and Institutionalized Person Act ("RLUIPA") claim for injunctive relief against Defendant Carter as a New Jersey Defendant. (No. 22-2781, ECF No. 9 at 2.) Following the Court's screening Opinion proceeding Plaintiff's RLUIPA claim against Defendant Carter for injunctive relief in No. 22-2781, that matter was consolidated into the Plaintiff's instant pending Section 1983 civil rights matter. (*See* No. 22-2781, ECF No. 35.) On January 19, 2023, Defendant Carter filed a Motion to Dismiss (ECF No. 104) and a Motion to Correct Error (ECF No. 103), arguing for the dismissal of Plaintiff's RLUIPA claim for injunctive relief, as Defendant is unable to provide any form of relief to Plaintiff because he is the Commissioner of the Indiana Department of Corrections and not the New Jersey Department of Corrections.

On April 3, 2023, the Court granted Defendant Carter's Motion to Dismiss, finding:

> [T]he gravamen of Plaintiff's Complaint is that New Jersey Department of Corrections Defendants have denied Plaintiff free exercise of his religious beliefs. (*See* No. 22-2781, ECF No. 9 at 2, citing ECF No. 1.) The only claim that was proceeded against moving Defendant Carter, was Plaintiff's RLUIPA claim for injunctive relief. As Defendant Carter is not a New Jersey Defendant and has no ability to affect the actions of the New Jersey Department of Corrections, he is unable to provide the injunctive relief sought by Plaintiff. As such, Plaintiff's RLUIPA claim against Defendant Carter for injunctive relief is dismissed as moot.

(ECF No. 124 at 5.) On June 23, 2023, Plaintiff filed this Motion for Reconsideration, requesting the Court reconsider their dismissal of Defendant Carter and add him back to the docket. (ECF No. 138.)

"Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure." *Dubler v. Hangsterfer's Labs.*, No. 09-5144, 2012 WL 1332569 at *3 (D.N.J. Apr. 17, 2012) (citing *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J.1999)). "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b)." *Id.* (citing *Compaction Sys. Corp.*, 88 F.Supp.2d at 345). In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).

Under Local Civil Rule 7.1(i), motions for reconsideration are required to be filed within fourteen (14) days after entry of the order or judgment. Plaintiff filed his motion on June 23, 2023, nearly two months after the Court's Opinion and Order dismissing Plaintiff's Eighth and Fourteenth Amendment claims. (ECF Nos. 124, 125 and 138.) Plaintiff's motion for reconsideration is untimely. *See Gaines v. Busnardo*, No. 13-6566, 2015 WL 5771233 at *6 (D.N.J. September 29, 2015) (denying Defendants' motion for consideration, finding it two months untimely); *see also Wright v. Camden City Police Dep't*, 2007 WL 1582975, *1(D.N.J. May 31, 2007) (finding Plaintiff's motion for reconsideration untimely under Local Civil Rule 7.1(i)); *see also Morris v. Siemens Components*, *Inc.*, 938 F.Supp. 277, 278 (D.N.J. September 20, 1996) (holding a motion for reconsideration may be denied solely for being untimely). Plaintiff has served his Complaint upon Defendants and Defendants have filed their answer to Plaintiff's Complaint. Plaintiff has set forth no facts justifying his delay in filing his motion for reconsideration, therefore the motion for reconsideration is denied as untimely.

**IT IS** on this 31st day of January 2024,

**ORDERED** that Plaintiff's motion for reconsideration (ECF No. 138) of this Court's April 3, 2023 Opinion and Order granting Defendant Carter's Motion to Dismiss is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Order to Plaintiff by regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**