<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JASPER FRAZIER,<br><br>                Plaintiff,<br><br>    v.<br><br>VICTORIA L. KUHN, ESQ., *et al.*,<br><br>                Defendants. | Case No. 2:21-cv-16842-BRM-CLW<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Jasper Frazier's ("Frazier") Appeal (ECF No. 268) of an Order ("Order") (ECF No. 251) issued on July 9, 2024, by the Honorable Cathy L. Waldor, U.S.M.J. ("Judge Waldor") *sua sponte* striking Plaintiff's discovery requests referenced in Defendants Victoria Kuhn, Esq., Patrick Nogan, C. Sweeney, Anthony Gangi, Atia Berryman, Robert Ferguson, Habeebah Westry, Luis Acosta, and Angel Saguay's (collectively, "Defendants") Letter (ECF No. 250). Having reviewed the parties' submissions filed in connection with this appeal, for the reasons set forth below and for good cause having been shown, Plaintiff's appeal (ECF No. 268) is **DENIED** and Judge Waldor's July 9, 2024 Order (ECF No. 251) is **AFFIRMED**.

**I.    BACKGROUND**

The factual and procedural backgrounds of this matter are well-known to the parties and were previously recounted by the Court in its prior opinions: (1) dismissing without prejudice Plaintiff's First Amendment right of access to the courts and retaliation, Fourth Amendment unreasonable search and seizure, Eighth Amendment cruel and unusual punishment and conditions of confinement, and Fourteenth Amendment Equal Protection claims and allowing Plaintiff's First

1

Amendment legal mail and Eighth Amendment failure to protect claims to proceed (ECF No. 59); (2) granting Defendant Commissioner Robert E. Carter's Motion to Dismiss Plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 124); (3) granting Plaintiff's *in forma pauperis* application, allowing Plaintiff's First Amendment retaliation claims to proceed, and dismissing without prejudice Plaintiff's § 1983 Supervisory Liability claim (ECF No. 133); (4) denying Plaintiff's Motion for Reconsideration of the Court's April 3, 2023, Opinion and Order granting Defendant Carter's Motion to Dismiss (ECF No. 203); and (5) denying Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 212). Accordingly, the Court will address only the procedural history associated with this appeal.

This appeal arises from a discovery dispute. In a letter dated July 1, 2024, Defendants informed the Court that Plaintiff served discovery requests "that total 475 individual Requests [for production], as well as . . . 478 individual Interrogatories" and requested a thirty-day extension to respond. (ECF No. 250 at 1.) On July 9, 2024, Judge Waldor *sua sponte* struck the discovery requests as "far '[dis]proportional to the needs of the case.'" (ECF No. 251 at 1 (quoting Fed. R. Civ. P. 26(b)(1)).) In another letter dated July 30, 2024, Defendants informed the Court that Plaintiff served another round of discovery requests "totaling 75 interrogatories and 75 document demands." (ECF No. 259.) On August 1, 2024, Judge Waldor again struck *sua sponte* this batch of discovery requests as "[dis]proportional to the needs of the case," advising Plaintiff he may serve "no more than twenty-five interrogatories and twenty-five document demands, within forty-five (45) days of this Order." (ECF No. 260.) On August 14, 2024, Plaintiff filed this appeal of the Order. (ECF No. 268.)

Thereafter, in response to numerous letters and motions from Plaintiff concerning this discovery issue (ECF Nos. 281, 286–89), Judge Waldor reiterated, "[f]or the avoidance of doubt,

2

Plaintiff may serve a TOTAL of twenty-five interrogatories and twenty-five document demands on all consolidated Defendants, i.e., he may NOT serve 25 interrogatories and 25 document demands on EACH named Defendant" (ECF No. 291). On December 5, 2024, in response to more letters from Plaintiff about discovery (ECF Nos. 293, 295), this Court reminded him of the same, clarifying "[Plaintiff] may serve a GRAND TOTAL of 50 discovery demands, whether interrogatories or document demands, on Defendants" (ECF No. 294). On December 17, 2024, Plaintiff filed a letter requesting to file a second and third set of interrogatories and document demands. (ECF No. 301.)

On January 8, 2025, Defendants informed the Court that Plaintiff served twenty-five interrogatories and twenty-five document demands on Defendants on December 5, 2024, and requested a thirty-day extension to respond. (ECF No. 303.) The next day, on January 9, 2025, Judge Waldor issued a letter order granting Defendants' request for a thirty-day extension, ordering them to do so on or before February 17, 2025. (ECF No. 304.)

## II. LEGAL STANDARD

"A discovery order is generally considered to be non-dispositive." *Ezeani v. Anderson*, No. 2:21-cv-06759, 2022 WL 1002097, at *2 (D.N.J. Apr. 1, 2022) (quoting *Williams v. American Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996)). Under this District's Local Rules, a magistrate judge's order on a non-dispositive issue may only be modified if it is determined to be "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A); *see also* 28 U.S.C. § 636(b)(1)(A) (establishing the standard of review for magistrate resolution of nondispositive matters as clear error); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. Oct. 15, 1998) (noting the Federal Magistrates Act, which accords with the Federal Rules of Civil Procedure and District of New Jersey Local Civil Rules, allows reversal of a magistrate judge's determination of

a nondispositive issue only where it is "clearly erroneous or contrary to law"). Courts have long established that a finding is clearly erroneous when, upon review of all evidence, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Medeva Pharma Suisse A.G. v. Roxanne Labs.*, Civ. A. No. 07-5165, 2011 WL 223600, at *2 (D.N.J. Jan. 24, 2011) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Similarly, a finding is contrary to law where "it misinterprets or misapplies applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. Jan. 3, 2008) (quoting *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. Dec. 28, 1998)); *see also Juice Ent., LLC v. Live Nation Ent., Inc.*, Civ. A. No.: 11-07318, 2022 WL 2803169, at *2 (D.N.J. July 18, 2022) (explaining a district court will only reverse magistrate decision on pretrial matters that is clearly erroneous or contrary to law). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous," and the reviewing court will necessarily affirm. *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

**III.  DECISION**

Plaintiff appeals Judge Waldor's Order *sua sponte* striking his 475 individual requests for production as well as 478 individual interrogatories as "far '[dis]proportional to the needs of the case.'" (ECF No. 251 at 1 (quoting Fed. R. Civ. P. 26(b)(1)).) Plaintiff argues the Order limits his ability to obtain the discovery he needs to substantiate his claims against Defendants, as each request, according to Plaintiff, "play[s] a different role" in his alleged injuries. (ECF No. 268 at 4.) He also reiterates his request for the Court to appoint an attorney to assist him with discovery

and appeals, as needed.[1] (*Id.*) Defendants argue the Court should deny Plaintiff's appeal on procedural grounds because Plaintiff failed to comply with the Court's May 7, 2024 Order prohibiting both parties from filing additional motions "without permission from the Court." (ECF No. 272 at 6.) Alternatively, Defendants contend Judge Waldor did not abuse her discretion in striking Plaintiff's discovery requests because the Order shows she appropriately applied the rule of proportionality in finding the benefit of the number of requests was outweighed by Defendants' burden in responding to the "redundant and disproportionate discovery." (*Id.* at 9.)

Pursuant to Fed. R. Civ. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See also Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 817–23 (W.D. Pa. Sep. 20, 2016). If a discovery request is not relevant to the requesting party's claims or defenses or is not proportional to the needs of the case, the reviewing court should deny the request. Fed. R. Civ. P. 26(b)(1). Additionally, Fed. R. Civ. P. 33(a)(1) allows parties to serve "no more than 25 written interrogatories, including all discrete subparts" on a single opposing party.

Judge Waldor appropriately struck Plaintiff's voluminous discovery requests. Although Plaintiff insists the requests are necessary, and they appear relevant to his claims, 475 individual

---

[1] Plaintiff has moved for appointment of counsel on numerous occasions, including on: (1) October 13, 2021 (ECF No. 7); (2) January 28, 2022 (ECF No. 25); (3) July 28, 2022 (ECF No. 67); (4) June 12, 2023 (ECF No. 131); (5) in the present appeal (ECF No. 268); and (6) September 5, 2024 (ECF No. 274). Judge Waldor and this Court have both issued several Opinions, all denying the motion without prejudice, including on: (1) August 5, 2022 (ECF No. 69); (2) July 17, 2023 (ECF No. 144); (3) April 1, 2024 (ECF No. 215); (4) September 11, 2024 (ECF No. 279); (5) November 26, 2024 (ECF No. 291). The reasons underlying these denials have been thoroughly addressed in the aforementioned Opinions, and the Court will not repeat them here. As Plaintiff has not presented any specific evidence indicating a specific need to warrant appointment of counsel, this request is denied. *See, e.g., Krider v. Heron*, Civ. No. 06-3231, 2007 WL 2300709, at *2 (D.N.J. Aug. 3, 2007) ("While Plaintiff's lack of legal training may hinder his ability to present his case, this situation is . . . faced by many *pro se* litigants" and does not warrant appointment.).

requests for production and 478 individual interrogatories are indeed disproportionate to the needs of the case. *See Hottenstein v. City of Sea Isle City*, Civ. No. 11-740, 2014 WL 12616926, at *1 (D.N.J. June 19, 2014) (finding 36 interrogatories and document requests "disproportionate to plaintiffs' legitimate needs"); *McMillan v. Comm'r of N.J. Dep't of Corr.*, No. 18cv13379, 2024 WL 2157949, at *2 (D.N.J. May 14, 2024) (finding plaintiff failed to carry burden of showing the court's denial of discovery request as disproportionate was clearly erroneous or contrary to law). Plaintiff's requests dwarf the limits set forth in the Federal Rules of Civil Procedure, as well as Judge Waldor's numerous text orders allowing him to serve Defendants with revised requests of no more than twenty-five interrogatories and twenty-five document demands per defendant. (ECF Nos. 260, 291, 294.) A letter from Defendants filed on January 8, 2025, indicates Plaintiff has since served twenty-five interrogatories and twenty-five document demands on Defendants. (ECF No. 303.) Judge Waldor has not denied Plaintiff the opportunity to seek discovery, and Plaintiff's mere disagreement with the Order is not grounds for overturning it. The circumstances in this matter do not leave this Court "with the definite and firm conviction that a mistake has been committed" by Judge Waldor. *Medeva*, 2011 WL 223600 at *2 (citing *Gypsum*, 333 U.S. at 395). Plaintiff fails to carry his burden of showing why the Order was clearly erroneous, contrary to law, or an abuse of discretion. Accordingly, Plaintiff's appeal is denied.

IV. **CONCLUSION**

For the reasons set forth above, and for good cause appearing, Plaintiff's appeal (ECF No. 268) is **DENIED** and Judge Waldor's July 9, 2024 Order (ECF No. 251) is **AFFIRMED**.

Date: January 27, 2025                                          /s/ *Brian R. Martinotti*
                                                                **HON. BRIAN R. MARTINOTTI**
                                                                **UNITED STATES DISTRICT JUDGE**