<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JASPER FRAZIER, | |
| Plaintiff, | Case No. 2:21-cv-16842 (BRM) (CF) |
| v. | **OPINION** |
| VICTORIA L. KUHN, ESQ., *et al.*, | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Jasper Frazier's ("Frazier") Motion for Default Judgment (ECF No. 318) as to defendants Sgt. Kibart, Sgt. J. Esteves, Sgt. Rhonda Mountcastle-Thomas, SCPO Narob, SCPO Ponte, SCPO R. Rodguriez, SCPO Solomon[1], N. Barton[2], Briggs, P. McGills, Mario Vera, Marc Sims, and Chaplain W. Pridgeton (collectively, "Defendants"). Having reviewed the submissions filed in connection with the Motion and having declined to hold oral arguments pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motion is **DENIED**.

---

[1] The docket refers to a defendant Sobman, to whom the Clerk of Court issued summons on July 13, 2023. (ECF No. 143.) However, it appears Plaintiff instead wrote "S.C.P.O. – Solomon" as the defendant on the corresponding USM-285 U.S. Marshals Process Receipt and Return. (ECF No. 146 at 6.) Sobman was brought in as a defendant by Plaintiff's complaint in one of the consolidated cases. (2:22-cv-07555, ECF No. 1.) His handwriting in that document could be read either way. (*Id.* at ¶¶ 52, 54.) While it is likely they are the same person, the Court cannot make that assumption. Even assuming, arguendo, they are the same person, the motion would still be denied because service was not effectuated.

[2] The docket refers to a defendant SCPO Burton, to whom summons were issued on October 24, 2023. (ECF No. 185.) There is no defendant named N. Barton. Therefore, the Court assumes Plaintiff refers to defendant SCPO Burton.

## I.    BACKGROUND

The factual and procedural backgrounds of this matter are well-known to the parties and were previously recounted by the Court in its prior opinions: (1) dismissing without prejudice Plaintiff's First Amendment right of access to the courts and retaliation, Fourth Amendment unreasonable search and seizure, Eighth Amendment cruel and unusual punishment and conditions of confinement, and Fourteenth Amendment Equal Protection claims and allowing Plaintiff's First Amendment legal mail and Eighth Amendment failure to protect claims to proceed (ECF No. 59); (2) granting Defendant Commissioner Robert E. Carter's Motion to Dismiss Plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 124); (3) granting Plaintiff's in forma pauperis application, allowing Plaintiff's First Amendment retaliation claims to proceed, and dismissing without prejudice Plaintiff's § 1983 Supervisory Liability claim (ECF No. 133); (4) denying Plaintiff's Motion for Reconsideration of the Court's April 3, 2023, Opinion and Order granting Defendant Carter's Motion to Dismiss (ECF No. 203); (5) denying Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 212); and (6) denying Plaintiff's Appeal of Judge Waldor's July 9, 2024, Order (ECF No. 307). Accordingly, the Court will address only the procedural history associated with this Motion.

On July 13, 2023, the Clerk of Court issued summonses as to defendants Kibart, Narob, Ponte, Rodguriez, and Sobman. (ECF No. 143.) Two weeks later, on July 27, 2023, U.S. Marshals attempted service on those four defendants at East Jersey State Prison. (ECF No. 146 at 1–2, 4–6.) Service was not accepted, however, because the prison's administrators were not able to locate the defendants due to the lack of first names. (*Id.*) The Clerk of Court again issued summonses as to defendants Kibart, Narob, Ponte, Rodguriez, and Sobman on September 26, 2023 (ECF No. 170), as to defendants Briggs, Burton, P. McGills, and Mario Vera on October 24, 2023 (ECF No. 174),

and as to defendant Mountcastle-Thomas on October 31, 2023 (ECF No. 179). On November 8, 2023, U.S. Marshals attempted service on Briggs, Burton, P. McGills, and Mario Vera at Northern State Prison. (ECF Nos. 184–85, 187–88.) Vera accepted service on behalf of himself and Burton (ECF Nos. 185, 188), but U.S. Marshals were not able to locate Briggs and P. McGills (ECF Nos 184, 187). On January 8, 2024, U.S. Marshals attempted service on Mountcastle-Thomas at the New Jersey Department of Corrections but were also unable to locate the defendant. (ECF No. 202.) On March 10, 2025, Plaintiff filed this Motion for Default Judgment against the Defendants. (ECF No. 318.) No oppositions were filed.

## II.    LEGAL STANDARD

### A. Default

Federal Rule of Civil Procedure 55(a) requires the Clerk's Office to enter default against a party whom a judgment for affirmative relief is sought when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Wahab v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 12-6613, 2017 WL 4790387, at *2 (D.N.J. Oct. 24, 2017). Moreover, "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Com'n*, 265 Fed.Appx. 130, 133 (3d Cir. 2008).

Federal Rule of Civil Procedure 55(c) permits the Court to "set aside an entry of default for good cause" at its discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entries of default are not favored, and "doubtful cases are to be resolved in favor of the party moving to set aside the default 'so that cases may be decided on the merits.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). Moreover, the grounds for setting

aside a default are "less substantial" than would be required for vacating a default judgment. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ("[A]ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment.") (quoting 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2696, 334 (1973)).

To determine whether good cause exists to vacate the entry of default, the Court looks at the following four *Poulis* factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the effectiveness of alternative sanctions.[3] *Emcasco Ins. Co*, 834 F.2d 71 at 73 (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "When parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first." *Mawalla v. Lakewood Bd. of Educ.*, Civ. A. No. 23-02734, 2025 WL 1260900, at *2 (D.N.J. Apr. 30, 2025) (citing *Gentile Concrete, Inc. v. L&L Redi-Mix, Inc.*, Civ. No. 21-20515, 2022 WL 2753460, at *2–5 (considering motion to vacate entry of default before competing motion for default judgment); *Doe v. City of Jersey City Bd. of Ed.*, Civ. No. 21-20223, 2022 WL 1137301, at *2 (D.N.J. Apr. 18, 2022) (granting motion to vacate entry of default and, as such, denying motion to enter default judgment as moot)).

**B. Default Judgment**

Once the Clerk makes an entry of default, "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file

---

[3] This last factor is not always considered. *See, e.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano*, 691 F.2d at 656.

a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F.

Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d

168, 177 n.9 (3d Cir.1990)). In a matter where the amount sought is not a sum certain or cannot be

made certain by computations, the court, rather than the clerk, is required to enter the judgment.

Fed. R. Civ. P. 55(b). In contrast, where the amount sought is a sum certain or can be made certain

by computation, *either* the court or the clerk may enter the judgment. *Liberty Mut. Ins. Co., Inc. v.*

*Mentzer,* No. 1:23-CV-01221, 2024 WL 289340, at *6 (M.D. Pa. Jan. 25, 2024) (finding plaintiff

had shown the claim amount was a sum certain and was therefore "entitled to the entry of default

judgment against [the] [d]efendant").

Like entries of default, the Third Circuit generally disfavors default judgments. *See Budget*

*Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) (citing *$55,518.05 in U.S. Currency*, 728

F.2d at 194–95). While an entry of a default judgment is within the district court's discretion, cases

should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178,

1181 (3d Cir. 1984) (citation omitted).

Prior to entering a default judgment, the Court is required to: "(1) determine it has

jurisdiction both over the subject matter and parties; (2) determine whether defendants have been

properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of

action; and (4) determine whether the plaintiff has proved damages." *Trs. of the UFCW 126 &*

*Emps. Pension Fund v. Laracca*, Civ. A. No. 16-4759, 2017 U.S. Dist. LEXIS 75091, at *7 (D.N.J.

May 17, 2017) (*quoting Moroccanoil, Inc. v. JMG Freight Grp. LLC*, Civ. A. No. 14-5608, 2015

WL 6673839, at *1 (D.N.J. Oct. 30, 2015)). In addition, the Court must make explicit factual

findings as to: (a) "whether the party subject to default has a meritorious defense," (b) "the

prejudice suffered by the party seeking default," and (c) "the culpability of the party subject to

default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co.*, 834 F.2d at 74); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (holding these "[t]hree factors control whether a default judgment should be granted." (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195)).

Generally, the Court is required to treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I*, 908 F.2d at 1149. However, the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, 58–59 (3d ed. 1998)).

## III.    DECISION

### A.    Defendants Not Properly Served

Here, with the exception of two defendants, Vera and Burton, Defendants have not been properly served. After the U.S. Marshals were unable to serve defendants Kibart, Narob, Ponte, Rodguriez, and Sobman on July 27, 2023 (ECF No. 146 at 1–2, 4–6), new summonses were issued (ECF No. 170), but no further attempts at service was made. Similarly, although summonses were issued as to defendants Briggs, P. McGills, and Mountcastle-Thomas (ECF Nos 174, 179), they were never successfully served (ECF Nos 184, 187, 202).

With respect to Sgt. J. Esteves, Marc Sims, and Chaplain W. Pridgeton, the operative complaint does not name them as defendants. (*See* ECF No. 76.) No summons has been issued as to any of them, and they have not been served.

Because defendants Kibart, Narob, Ponte, Rodguriez, Sobman, Marc Sims, and Chaplain W. Pridgeton have not been properly served, Frazier's Motion for Default Judgment is **DENIED** when it comes to those defendants.

### B.    Defendants Properly Served

As for the defendants who *were* properly served, namely Mario Vera and Burton, default judgment is also not appropriate because the Clerk of Court has not entered their default. Although Vera and Burton have not appeared to plead or otherwise defend in this matter, the Clerk of Court has not yet entered their default. Without an entry of default, the Court will not grant a motion for default judgment. *See Husain*, 265 F. App'x at 133 (3d Cir. 2008). Therefore, Plaintiff's Motion for Default Judgment is **DENIED** as to Vera and Burton.[4]

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment (ECF No. 318) is **DENIED**. An appropriate order follows.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  October 30, 2025

---

[4] The Court acknowledges that Plaintiff's motion for default judgment was accompanied by a request for entry of default. (ECF No. 318-8.) Plaintiff shall separately file a request, directed to the Clerk's Office, for the entry of default as to Vera and Burton only.